# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THERESA B. BRADLEY | * |
| Plaintiff | * |
| v. | *   Civil No. PJM 06-1542 |
| MIDAS AUTO REPAIR & SERVICE OF BETHESDA, MD, et al. | * |
| Defendants | * |

## MEMORANDUM OPINION

*Pro Se* Plaintiff Theresa B. Bradley has filed a Motion for Disqualification and Demand for Recusal of the Court pursuant to 28 U.S.C. § 455(a), which Defendants Harford Car Care, Inc., Midas International Corporation, Yuriy Bronfman, and Elena Donskaia oppose.[1] The Motion for Recusal will be DENIED.

Plaintiff's bases her Motion on the Court's refusal to grant her *in forma pauperis* status and its failure to issue an order immediately requiring Defendants to provide her with a rental automobile and repair her automobile, a Classic Vintage 1989 Jaguar Vanden Plas (which Plaintiff values at some $50,000) which was allegedly in the custody of Defendant Midas Auto Repair and Service when it was struck by a vehicle from an adjoining lot.

---

[1] Defendants State Auto Property and Casualty Insurance Company and Midas Auto Repair & Service of Bethesda, MD have yet to file any pleading in response to the Complaint. There is no indication that other named Defendants, CVS Corporation and CVS Pharmacy, have been served, as a result of which they have yet to plead.

All Defendants to date served with process have filed answers in the case, and Defendants Yuriy Bronfman and Elena Donskaia have filed a Motion to Dismiss in addition to their answer.

Plaintiff, who apparently has had no legal training, fails to appreciate that there was and is no legal basis for the Court to immediately order a party to a lawsuit, whose liability has yet to be established (much less who has not even appeared in the case[2]), to immediately provide Plaintiff with the sort of relief she seeks here. Assuming the matter gets beyond the Motion to Dismiss or Motion for Summary Judgment phase, the issue of Defendants' liability *vel non* will be litigated on the merits. Plaintiff's claim at most is a claim for money damages.

Plaintiff's disagreement with the Court's decision is hardly the predicate for a motion to disqualify the Court. Apart from that, it is regrettable that Plaintiff, distressed though she may be by her experience, has chosen to use such intemperate words in expressing her displeasure with the Court's decision.

The Court strongly urges Plaintiff to consult with an attorney in order to gauge the extent to which her comportment in this case so far has been appropriate. An attorney who hurled accusations against a court making a routine decision such as involved here would almost certainly face sanctions. While *pro se* litigants are to be given some leeway, nowhere is it written that they have greater license to malign a court simply because of their displeasure with the court's decisions. *See* 17 C.J.S. Contempt § 30. Plaintiff should keep this in mind as the case goes forward.

A separate Order will ISSUE implementing this Memorandum Opinion.

/s/<br>
**PETER J. MESSITTE**<br>
**UNITED STATES DISTRICT JUDGE**

**December 4th, 2006**

---

[2] Plaintiff filed no less than six motions requesting immediate relief before properly serving process upon a single Defendant.